**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REBECCA CHISM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22-cv-06400 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| MENARD, INC., a foreign corporation, ) | |
| d/b/a MENARDS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rebecca Chism slipped and fell in a puddle of water while walking in a store operated by Defendant Menard, Inc. ("Menard"). Chism then brought this lawsuit against Menard based on common law theories of negligence and premises liability, seeking to recover damages for injuries alleged to have been caused by the incident. Now before the Court are Menard's two motions for summary judgment.[1] (Dkt. Nos. 52, 62.) For the following reasons, the motions are granted.

**BACKGROUND**

Unless otherwise noted, the following facts are undisputed. The Court draws the facts from the parties' statements of material facts as well as other evidence in the record, including Chism's deposition testimony (Dkt. No. 54-2) (the "Chism Deposition").[2] *See* Fed. R. Civ. P.

---

[1] Menard filed its first motion for summary judgment—in which it argues that Chism has not adduced sufficient evidence of her injuries—well in advance of the dispositive motion deadline. (Dkt. No. 52.) After further discovery, Menard timely filed a second summary judgment motion, which argues that Chism has not met her burden to show that Menard had notice of the puddle. (Dkt. No. 62.) The second motion supplements the first without raising duplicative arguments, and thus the Court considers them together.

[2] Northern District of Illinois Local Rule 56.1 requires the party moving for summary judgment to submit a statement that sets out—in concise, numbered paragraphs with citations to the record—the facts supporting summary judgment. L.R. 56.1(a), (d). The nonmoving party must then respond by identifying

56(c)(3) (providing that in considering a summary judgment motion "[t]he court need consider only the cited materials, but it may consider other materials in the record").

Menard owns and operates a retail store in Peru, Illinois. (Amended Ans. at ¶ 1, Dkt. No. 31.) On April 5, 2021, Chism went to that store with two other people. (Chism Dep. at 12:6–8; 27:15–18.) Shortly after entering the store, she slipped and fell in a puddle of what appeared to be water, about 20 feet from the store's bathrooms. (Chism Dep. at 33:12–14, 47:2–3; Def.'s Resp. to Pl.'s Statement of Add'l Facts ¶ 1, Dkt. No. 67.) Chism and her companions saw the puddle, which measured about two feet in circumference, only after she fell. (Def.'s Statement of Material Facts ("Second DSMF") ¶ 9; Chism Dep. at 17:3–6, 47:18–22.) After the fall, Tom Nesti, a store employee, saw Chism on the ground and alerted Joe Polcyn, an assistant general manager. (Second DSMF ¶¶ 12–14.) Although neither Nesti nor Polcyn saw any sign of water on the floor, Polcyn placed a wet floor sign near the area of Chism's fall. (*Id.* ¶ 14.)

The puddle's origin remains unclear. No leaks or puddles had been reported to employees before the fall. (*Id.* ¶ 15.) Although store policies require Menard employees to "constantly" check the store for "water or tripping hazards," no Menard employee was aware of the puddle before Chism fell. (*Id*. ¶¶ 16, 21.) Chism, too, had "no idea" how the water got on the floor or how long it had been there. (*Id.* ¶¶ 6–7; Chism Dep. at 47:7–11.)

---

each factual assertion and admitting or denying it, with citations to the record. L.R. 56.1(b), (e). If one party fails to respond to the other's statement of material facts, then the facts in that statement are deemed admitted so long as they have support in the record. L.R. 56.1(e)(3). Here, both of Menard's summary judgment motions include Rule 56.1 compliant statements. Chism, meanwhile, has not properly responded to either of those statements. In response to Menard's first statement, she provides her version of the events in narrative form, without identifying any facts from Menard's statement that she disputes or admits. Likewise, she did not admit, deny, or otherwise respond to Menard's second statement, besides her submission of an additional factual assertion, which functions not as a response but as a new statement of facts. L.R. 56.1 (b)(3), (c)(2). Thus, Chism has failed to respond to either of Menard's Rule 56.1 statements and has admitted any facts in those statements that are supported by evidence in the record. *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009).

The record evidence regarding Chism's injuries from the fall is inconsistent. In a letter sent to Chism's insurance company, she claimed injuries to her right knee, right arm, right shoulder, and back. (Def.'s Statement of Material Facts ("First DSMF") ¶ 7, Dkt. No. 54.) Meanwhile, in her deposition, Chism testified that she sustained injuries to: (1) both of her knees, although she also stated that the "left [was] worse than [the] right" (Chism Dep. at 50:21–22) and denied injuring her right knee from the fall (*id.* at 57:16–18.); (2) her "right wrist," even though she denied landing on her hands (First DSMF ¶ 6); and (3) "all across [her] back," (Chism Dep. at 50:17) despite also stating that she injured only her "lower back" (*id.* at 57:6–7). After Chism's deposition, Menard sought clarification of her injuries by sending her a request to admit pursuant to Federal Rule of Civil Procedure 36. The request asked Chism to admit that, among other things, she "did not sustain any injuries arising from the incident at Menard's retail store on April 5, 2021." (Def.'s Req. for Admis. at ¶ 28, Dkt. No. 54-4.) Chism did not respond to the request for admission (First DSMF ¶¶ 8–11; Pl.'s Resp. to Def.'s Mot. for Summ. J. at 4, Dkt. No. 57), and she has not moved to withdraw her admissions pursuant to Rule 36(b). Accordingly, the matter is deemed admitted and conclusively established. Fed. R. Civ. P. 36(a)(3), (b).

## DISCUSSION

"Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (internal quotation marks omitted). Courts must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the Court must draw all reasonable

inferences in the non-moving party's favor, including by giving it "the benefit of all conflicts in the evidence." *Fish v. GreatBanc Tr. Co.*, 749 F.3d 671, 674 (7th Cir. 2014). However, "[i]nferences supported only by speculation or conjecture will not suffice." *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018).

In Illinois, "ordinary negligence requires proof of only three elements—the existence of a duty, a breach of that duty, and an injury proximately caused by the breach." *Garcia v. Goetz*, 121 N.E.3d 950, 958 (Ill. App. Ct. 2018). Premises liability requires proof of the three elements of a negligence claim, "plus three additional elements—that there was a **condition** on the property that presented an unreasonable risk of harm, that the defendant knew or reasonably should have known of the condition and the risk, and that the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger." *Id.* Under either theory of liability, a plaintiff claiming that a defendant improperly failed to address a hazard must prove that the defendant created or knew about the hazard. *Haslett v. United Skates of Am., Inc.*, 136 N.E.3d 172, 185 (Ill. App. Ct. 2019). The Court, like the parties, focuses on whether Chism has shown a genuine dispute of material fact with respect to Menard's knowledge of the puddle and her injuries from the fall.

I. **Notice or Creation of the Hazard**

As Chism acknowledges, "there is no evidence that Defendant or its agents was directly responsible for the creation of the hazardous condition." (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2, Dkt. No. 64.) Given the lack of evidence that Menard created the puddle, Chism must show that Menard had actual or constructive notice of it before she fell. *Haslett*, 136 N.E.3d at 184–85.

The record contains no evidence suggesting that Menard had actual notice of the puddle. "Actual notice will be found where there is evidence that the defendant or its employee had been

4

notified of the dangerous condition prior to the plaintiff's slip and fall." *Id.* at 181. Here, the only evidence in the record relevant to actual notice tends to show its absence. None of Chism, her companions, Nesti, or Polcyn saw the puddle before Chism's fall. Neither was the puddle reported to any employees before the fall.

Similarly, Chism has set forth no evidence suggesting that Menard was on constructive notice of the puddle. "Constructive notice can only be shown where the dangerous condition is shown to exist for a sufficient length of time to impute knowledge of its existence to the defendants." *Id.* None of the evidence in the record indicates how long the puddle was there. Nonetheless, Chism makes two attempts to create a genuine issue of material fact as to constructive notice. First, she posits that the puddle must have been formed by water from the bathroom near where she fell, perhaps by "means of someone washing their hands and insufficiently drying them, or someone merely being a tad vigorous in their handwashing resulting on water splashing onto the floor and being carried on their shoes as they walked out." (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 3, Dkt. No. 64.) But Chism has not provided any evidence to support either of these theories; rather, they are based only on pure speculation, which "does not defeat summary judgment." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1089 (7th Cir. 2018). And even if substantiated by evidence, those theories would not prove the duration of the puddle's existence.

Chism also asks the Court to find a disputed issue of material fact with respect to constructive notice based on Menard's policy requiring employees to check the store frequently for potential hazards. However, courts applying Illinois law have consistently found that an internal policy to check for hazards is, by itself, insufficient to establish constructive notice. *E.g.*, *Osmani v. Menard, Inc.*, No. 16 C 3413, 2017 WL 2985742, at *5 (N.D. Ill. July 13, 2017);

5

*Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1040 (7th Cir. 2016); *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 651–52 (7th Cir. 2014). Moreover, if the record supports any inference from Menard's policy, it is an inference against Chism. As she admits, "[t]he alleged water puddle could not have been present for a very long period because it would have been recognized by Polcyn, Nesti, or one of Menard's team members walking around the store looking for water or tripping hazards." (Second DSMF ¶ 20.) Thus, because Chism has not presented evidence regarding how long the puddle existed, she has not created a genuine factual dispute as to constructive notice. *E.g.*, *Zuppardi*, 770 F.3d at 651 ("Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice."); *Ishoo v. Gen. Growth Props., Inc.*, 966 N.E.2d 1160, 1164 (Ill. App. Ct. 2012) (same); *Haslett*, at 136 N.E.3d at 186 (same).

## II. Injury

Chism's only proffered evidence of her injuries is her own deposition testimony. Meanwhile, as already noted, it is "conclusively established" that Chism sustained no injuries from her fall because she did not respond to Menard's November 30, 2024 request for admission and has not moved to withdraw the resultant default admission. *See* Fed. R. Civ. P. 36(b); Def.'s Req. for Admis. ¶¶ 9–28, Dkt. No. 54-4; *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) (Rule 36 default admission "can serve as the factual predicate for summary judgment"). To be sure, Chism argues in her first summary-judgment brief that Menard's request to admit impermissibly called for medical opinions and that she had already responded to the request through previous discovery. However, those arguments came seventy-six days ***after*** the requests to admit were served upon Chism—well past Rule 36's thirty-day response window. Fed. R. Civ. P. 36(a)(3). And even if the objections had been timely made, they would likely

6

have been rejected as procedurally and substantively deficient. *See Rivera v. Aerovias de Mexico, S.A. de C.V.*, 690 F. Supp. 3d 906, 911 (N.D. Ill. 2023) ("Plaintiff can testify about her own 'perceptions of her physical and mental health during the relevant time period. . . .'"); *Kasuboski*, 834 F.2d at 1350 ("[T]he use of an alternative form of discovery does not eliminate the requirement that a request for admissions be answered within 30 days.").

Because Chism has admitted that she sustained no injury from the fall and otherwise has produced little evidence of her injuries, no reasonable jury could find that she was injured, and Menard is entitled to summary judgment on both of her claims. *See, e.g.*, *id.* at 1347 (affirming summary judgment based on default admissions where admissions overlapped with deposition testimony, "[a party's] participation in depositions does not excuse his failure to respond to the request for admissions."); *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003) (reversing denial of summary judgment where "district court erred by not analyzing" nonmovant's Rule 36 default admission "and giving it preclusive effect"); *Tate & Lyle Americas LLC v. Glatt Air Techniques Inc.*, 863 F.3d 569, 571 (7th Cir. 2017) (explaining that "the district court would have erred" by allowing a party to present evidence at trial that contradicted an admission, because the party "never moved to withdraw or amend the admission in question").

## CONCLUSION

In short, Chism has not shown genuine issues of material fact as to two elements of her claims: notice and injury. As a result, Menard's motions for summary judgment (Dkt. Nos. 52, 62) are granted. The Clerk is directed to enter final judgment in favor of Menard. Civil case terminated.

ENTERED:

Dated: December 2, 2025

_____
Andrea R. Wood
United States District Judge